# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JAN 13 2015

CLERK OF THE SUPERIOR COURT
By Louis Staley, Jr.

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* VIKING PUMP, INC., a corporation;
IDEX CORPORATION; PATRICK TAYLOR; RICK FOWLER;
DOE 1; DOE 2; DOE 3; DOE 4; DOES 5 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
COKER PUMP & EQUIPMENT CO.

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* 1225 Fallon Street, Oakland, CA 94612 | **CASE NUMBER:** *(Número del Caso):* RG15754898 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L Mitchell, Esq. SBN34442, 1151 Harbor Bay Parkway, Suite 121, Alameda, CA 94502
510-864-8885

| DATE: *(Fecha)* | JAN 13 2015 | Leah T. Wilson Clerk, by *(Secretario)* | Louis Staley, Jr. | Deputy *(Adjunto)* |
|---|---|---|---|---|

For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

Under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Page 1 of 1

1  DANIEL L. MITCHELL (SBN34442)
   Law Offices of
2  DANIEL L. MITCHELL
   1151 Harbor Bay Parkway, Suite 121
3  Alameda, California 94502
   Telephone: 510-864-8885
4  Fax: 510-864-8898

5  Attorneys for Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JAN 13 2015

CLERK OF THE SUPERIOR COURT
By____Louis Staley, Jr.

6

7              SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

8

9  COKER PUMP & EQUIPMENT CO.,
   a California Corporation
10                                          No.    R G 1 5 7 5 4 3 5 3

11            Plaintiff,
                                            COMPLAINT FOR TEMPORARY
12 v.                                       RESTRAINING ORDER;
                                            PRELIMINARY INJUNCTION;
13 VIKING PUMP INC., a corporation; IDEX    PERMANENT INJUNCTION AND
   CORPORATION; PATRICK TAYLOR;             DAMAGES FOR:
   RICK FOWLER; DOE 1 DOE 2; DOE 3;         1.  Injunctive Relief;
14 DOE 4; DOES 5 through 25,                2.  Restraint of Trade and Injunctive Relief;
                                            3.  Declaratory Relief;
15            Defendants.                   4.  Intentional Interference With Economic
                                                Relationship;
16 _____/        5.  Negligent Interference With Economic
                                                Relationship.
17

18

19

20     COMES NOW plaintiff COKER PUMP & EQUIPMENT CO., a California corporation,

21 and alleges as follows:

22                          GENERAL ALLEGATIONS

23     1.    Plaintiff does not know the true names or capacities, whether individual,

24 partners or corporate, of the defendants sued herein as Does 1 through 25, inclusive, and for

25 that reason said defendants are sued under fictitious names and plaintiff prays leave to amend

26 this Complaint when the true names and capacities are known.

COMPLAINT
                                                                            Page 1

2.      At all times herein mentioned, each of said defendants, including those defendants named herein as Does, ratified and participated in the doing of the acts hereinafter alleged to have been done by the named defendants, and furthermore, the defendants, and each of them, were the agents, servants, and employees of each of the other defendants, as well as the agents of all defendants, and at all times herein mentioned were acting in their individual capacity and/or within the course and scope of said agency and employment.

3.      At all times herein mentioned, defendants, and each of them, were members of and engaged in a joint venture and common enterprise and acting within the course and scope of and in pursuance of said joint venture and common enterprise.

4.      At all times herein mentioned, the acts and omissions of the various defendants, and each of them, concurred in and contributed to the various acts and omissions of each and all of the other defendants in proximately causing the injuries and damages as herein alleged.

5.      Defendant, VIKING PUMP, INC., ("VIKING") was and is a foreign corporation, not authorized to do but doing business in the State of California.

6.      Defendant, IDEX CORPORATION ("IDEX") is a foreign corporation not authorized to do but doing business in the State of California.

7.      Defendants, PATRICK TAYLOR; RICK FOWLER, Does 1 through 10 are individuals who, at all times mentioned herein, were the employees of defendants VIKING, IDEX, Does 11 through 20 and in doing the acts herein described, acted in and are being sued in their individual capacities and in their official capacities under color of law and within the course and scope of their agency and or employment (herein "Individual Defendants".)

8.      Plaintiff COKER PUMP & EQUIPMENT CO. is a California corporation , authorized to do and doing business in the State of California with its principal place of business in that state, and for a period of at least 30 years plaintiff maintained a

1  business relationship with third parties which contemplated the execution of contracts whereby

2  plaintiff had a reasonable expectation of economic gain in the terms of profits or acquisition of

3  benefits from its distribution and sale of Product and Parts marketed, promoted and sold by

4  defendants VIKING, IDEX, Does 11 through 20 to plaintiff including but not limited to new

5  product sales and aftermarket sales.

6       At all times herein alleged and at all times relevant to this action, the third

7  parties to whom plaintiff distributed Products and Parts marketed, promoted and sold by

8  defendants VIKING, IDEX, Does 11 through 20 to plaintiff were independent entities,

9

10  unaffiliated with either plaintiff or defendants.

11       9.    On or about January 1, 2015, and during the time plaintiff was

12  negotiating with third parties in connection with the business relationship that existed between

13  plaintiff and third parties, defendants and each of them began a course of conduct:

14       (a)    that had an adverse effect on the relationship that existed between

15

16  plaintiff and its third party customers;

17       (b)    that defendants intended to cause the destruction of or harm to the

18  relationship that existed between plaintiff and its' third parties customers;

19       (c)    to interfere with plaintiff's business relationships and to disrupt

20  plaintiff's relationship with third parties; which in fact disrupted that relationship.

21       10.    In engaging in the conduct described above, defendants intended to

22  impair or destroy plaintiff's business relationships with third parties and plaintiff's expectancy

23  of economic gain unless and until plaintiff agreed to execute a Distributor Agreement with

24

25  defendants, and each of them, which provided that plaintiff agree to participate with defendants,

26  and each of them in:

(1) Anticompetitive, deceptive or otherwise unlawful/unfair business practices within the meaning of California Bus. & Prof. Code §17200 et seq and actions under the Unfair Practices Act (Bus. & Prof. §17000 et seq)

(2) Violation of statutory regulation of contracts not to compete (Bus. & Prof.§16600) and actions under the Cartwright Act (Bus. & Prof. §16700) based on restrains of trade

(3) Price fixing

(4) Interference with economic relations

(5) Racketeer Influenced and Corrupt Organizations Act - [RICO]

11. Defendants engaged in the interfering conduct with malice toward plaintiff and a desire to injure plaintiff economically, and with wantonness and disregard to plaintiff's rights. Defendants' conduct was improper, unlawful and unfair in that it involved a restraint of trade, was illegal and known to be illegal.

12. The conduct engaged in by Defendants and herein described was the proximate cause of the loss or impairment of plaintiff's business relationship with the third parties with whom plaintiff was doing business which resulted in plaintiff's loss of the expectancy of economic gain, in such amounts as shall be proved at the time of trial.

13. As a result of the impairment or loss of plaintiff's business relationship with third parties, plaintiff suffers a loss of the economic expectancy arising from the relationship with the third parties with whom plaintiff has contracted.

14. Defendants were not justified or privileged to engage in the conduct described herein, which resulted in the impairment or loss of plaintiff's business relationship

with third parties.

WHEREFORE, plaintiff respectfully prays judgment against defendants, and each of them, and requests that the court grant relief as follows:

(1)   For an order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action;

(2)   For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants from offering to sell or selling any articles or product below cost or out of territory;

(3)   For trebled damages according to proof;

(4)   For reasonable attorney's fees according to proof;

(5)   For costs incurred; and

(6)   For any other and further relief as the Court may deem proper,

## FIRST CAUSE OF ACTION
[Injunction and Treble Damages - Plaintiff against Defendants
[Unfair Business Practice - Bus. & Prof. Code §§ 17070, 17078-17082]

15.   Plaintiff refers to and realleges and incorporates by this reference paragraphs 1 through and including paragraph 14 as though fully set forth herein at length.

16.   Defendants and each of them in connection with a Distribution Agreement effective as of January 1, 2015 for the sale of Product and Parts marketed, promoted by defendants VIKING, IDEX, Does 11 through 20 to plaintiff including but not limited to new product sales and aftermarket sales sought a Compliance Agreement for Dealers, Distributors, Sales Agents, Sales Representatives and other third Party Intermediaries which constituted sales

1   or service below cost, locality discrimination, the use of loss leaders or the use of secret rebates

2   or unearned discounts, prices fixed or accommodated commencing January 1, 2015

3   characterized by defendants as

4          "Company's Standard Limited Warranty" relating to the Products and Parts

5   of defendant VIKING and IDEX and

6          "Distributor's Multiplier" a list price at which Distributors may purchase

7   Products and Parts Products and Parts

8

9          "Distributor Customer" a direct purchaser of any Products or parts from a

10  Distributor

11         "Excluded Customer" identified as any customer to whom defendant VIKING

12  and IDEX reserves the exclusive right to market, promote and sell Products and Parts of

13  defendants VIKING and IDEX in any territory

14         "Market" meaning the application or applications for which plaintiff is

15  authorized to market, promote and sell the VIKING and IDEX Products and Parts, without

16  geographic area distinction.

17

18         "Parts" refers to any parts for the Products that defendants may sell

19         "Products" meaning the products of VIKING and IDEX that plaintiff is

20  authorized to market, promote and sell without geographic area distinction.

21         "Territory" is the geographic area in which the plaintiff is authorize to

22  market, promote and sell offered for sale and to be sold to purchasers (for whom plaintiff and

23  defendants compete) quantities of Parts and Products subject to defendants' multipliers  in

24  violation of the Unfair Practices Act (Bus. & Prof. Code §§ 17000-17101) involving three basic

25  types of business (1) price discrimination, (2) sales below cost, and (3) the granting of rebates

26

and discounts not made available to all buyers on like terms or conditions; including locality

discrimination, the use of loss leaders or the use of secret rebates or unearned discounts, price

fixed or accommodated.  The offers of sale and sales were made at prices below costs to

conceal defendants' marketing strategy and price accommodations.

17.     Plaintiff is informed and believes and thereon alleges that defendants,

and each of them, performed the acts for the purpose of injuring plaintiff and or controlling

distribution and the sale of Product and Parts marketed, and promoted by defendants VIKING,

IDEX, Does 11 through 20 to plaintiff including but not limited to new product sales and

aftermarket sales

18.     Defendants threaten to and unless restrained will continue to violate the

Unfair Practices Act, e.g. continue to engage in the sale and sell to purchases in the manner set

forth, including sales subject to defendants' multipliers below cost, locality discrimination, the

use of loss leaders or the use of secret rebates or unearned discounts, price fixed or

accommodated and at prices below costs to conceal defendants' marketing strategy and price

accommodations.

19.     As a proximate result of the acts of defendants, plaintiff has been

deprived of the patronage of large number of its actual and potential customers, all to its

damages in sums to be determined as follows:

(1)     For an order requiring defendants, and each of them, to show cause, if

any they have, why they should not be enjoined as set forth below, during the pendency of this

action;

(2)     For a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining defendants from offering to sell or selling any articles or product below cost or out of territory;

(3)     For trebled damages according to proof;

(4)     For reasonable attorney's fees according to proof;

(5)     For costs incurred; and

(6)     For any other and further relief as the Court may deem proper,

WHEREFORE, plaintiff prays judgment as hereinafter alleged.

## SECOND CAUSE OF ACTION
[Complaint for Treble Damages - Plaintiff against Defendants
[Restraint Of Trade and Preliminary and Permanent Injunctive Relief
[Bus & Prof. Code §§16720, 16727, 16750; CCP §§ 526, 527, 3422]

20.     Plaintiff refers to and realleges and incorporates by this reference paragraphs 1 through and including paragraph 19 as though fully set forth herein at length.

21.     Plaintiff COKER PUMP & EQUIPMENT CO. a California corporation, authorized to do and doing business in the State of California with its principal place of business in that state, for a period of at least 30 years maintained a business relationship with third parties which contemplated the execution of contracts whereby plaintiff had a reasonable expectation of economic gain in the terms of profits or acquisition of benefits from its distribution and the sale of Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11 through 20 to plaintiff including but not limited to new product sales and aftermarket sales.

1    At all times herein alleged and at all times relevant to this action, the third

2    parties to whom plaintiff distributed Products and Parts marketed, promoted and sold by

3    defendants VIKING, IDEX, Does 11 through 20 to plaintiff were independent entities,

4    unaffiliated with either plaintiff or defendants.

5    Plaintiff has consistently and reasonable maintained an expectation of economic

6    gain in the terms of profits or acquisition of benefits from its distribution and the sale of

7    Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11

8    through 20 to plaintiff including but not limited to new product sales and aftermarket sales in

9    sums of at least $1.5 million each year from plaintiff's business relationship with third parties

10   which contemplated the execution of contracts whereby plaintiff had a reasonable expectation

11   of economic gain in the terms of profits or acquisition of benefits from its distribution and the

12   sale of Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11

13   through 20 to plaintiff including but not limited to new product sales and aftermarket sales.

14

15       22.   Since at least 1984 and up to the present time, defendants, and each of

16   them, combined, and agreed together and to fix and maintain rates, terms and conditions of the

17   sale of Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11

18   through 20 to plaintiff including but not limited to new product sales and aftermarket sales.

19

20       In January 2015, defendants, and each of them, agreed to unilaterally establish a

21   Compliance Agreement for Dealers, Distributors, Sales Agents, Sales Representatives and other

22   third Party Intermediaries which constituted sales or service below cost, locality discrimination,

23   the use of loss leaders or the use of secret rebates or unearned discounts, price fixed or

24   accommodated commencing January 1, 2015 characterized by defendants as:

25       "Company's Standard Limited Warranty" relating to the Products and Parts

26

1   of defendant VIKING and IDEX and

2   "Distributor's Multiplier" a list price at which Distributors may purchase

3   Products and Parts Products and Parts

4   "Distributor Customer" a direct purchaser of any Products or parts from a

5   Distributor

6   "Excluded Customer" identified as any customer to whom defendant VIKING

7   and IDEX reserves the exclusive right to market, promote and sell Products and Parts of

8   defendants VIKING and IDEX in any territory

9   "Market" meaning the application or applications for which plaintiff is

10  authorized to market, promote and sell the VIKING and IDEX Products and Parts, without

11  geographic area distinction.

12  "Parts" refers to any parts for the Products that defendants may sell

13  "Products" meaning the products of VIKING and IDEX that plaintiff is

14  authorized to market, promote and sell without geographic area distinction.

15  "Territory" is the geographic area in which the plaintiff is authorize to

16  market, promote and sell and offered for sale and to be sold to purchasers (for whom plaintiff

17  and defendants compete) quantities of Parts and Products subject to defendants' multipliers  in

18  violation of the Unfair Practices Act (Bus. & Prof. Code §§ 17000-17101) involving three basic

19  types of business (1) price discrimination, (2) sales below cost, and (3) the granting of rebates

20  and discounts not made available to all buyers on like terms or conditions; including locality

21  discrimination, the use of loss leaders or the use of secret rebates or unearned discounts, price

22  fixed or accommodated.  The offers of sale and sales were made at prices below costs to

23  conceal defendants' marketing strategy and price accommodations.

23.     In furtherance of this unlawful combination, conspiracy and agreement, defendants, and each of them, refused to accept for inclusion in its Compliance Agreement for Dealers, Distributors, Sales Agents, Sales Representatives and other third Party Intermediaries any agreements other than those evidenced by the terms contained in defendants January 1, 2015 Distribution Agreement made and entered between VIKING and its selected  distributors who agreed that defendants:

(i)     Reserved and retained the exclusive rights to market, promote and sell Products and Parts to Excluded Customers, directly or through other channels within and outside the Market and Territory;

(ii)    Reserved and retained the exclusive rights to market, promote and sell private label Products and Parts directly or through other channels within and outside the Market and Territory;

(iii)   Reserved and shall have the non-exclusive right to market, promote and sell the Products and Parts to any person or entity in the Market

(iv)    Shall not be obligated to pay plaintiff or any Distributor any commissions or other compensation in respect of any sales of Products or Parts

(v)     May sell Products and Parts to, swap and exchange Products and Parts

(vi)    Distributor may only sell Products or Parts to persons and entities with the prior written consent of defendants

24.     As a direct consequence of the acts of defendants, and each of them, competition in prices have been restrained, suppressed and eliminated; that prices will be raised, or fixed or maintained at a high and artificial level and plaintiff and other Distributors have been deprived of the benefit of free, competitive negotiations and have been forced to enter into defendants "exclusive right to sell" agreements.

25.     As a direct consequences of the agreement, acts and course of conduct of defendants, and each of them, plaintiff was deprived of the benefit of free, competitive

negotiations for the sale of Product and Parts, and suffered damages in such amount as will be

proven in this matter. Plaintiff is unable to state its damages with precision at this time, since

that determination will require discovery and accounting analysis of defendants' books and

records. Under §16750(a) of the Business & Professions Code, plaintiff is entitled to interest

on the aforementioned seum from the date of service of this complaint until entry f judgment

thereon, reasonable attorney's fees and treble damages.

26.     Defendants continuing wrongful conduct as alleged above, unless and

until restrained by order of this court will cause great and irreparable harm to plaintiff who has

been forced to entered into the January 1, 2015 Distributor Agreement without benefit of

competitive negotiations but who has not yet completed performance under the agreement and

to the public at large which is deprived of a free market.

27.     Plaintiff has no adequate remedy at law for the injuries currently being

suffered or which will result in the future from defendants' continued wrongful conduct in that

plaintiff has no remedy in damages. In addition, damages flowing from the artificial restraint of

the free market are difficult if not impossible to ascertain. Unless this court restrains

defendants, plaintiff and other members of the public would be forced to substitute a multitude

of suits to obtain compensation.

WHEREFORE, plaintiff prays judgment against defendants, and each of them,

as follows:

1.     For an order requiring defendants to show cause why they should not be

enjoined as hereinafter set forth during the pendency of this action;

2.     For a temporary restraining order, a preliminary injunction and injunction

and a permanent injunction all enjoining defendants, and each of them, their agents, servants

1  and employees and all persons acting under, in concert with, or for them from directly or

2  indirectly or in any manner on their behalf in adopting, advertising, participating in, adhering

3  to, applying or enforcing any by-law, rule, regulation, agreement, contract, understanding,

4  practice, procedure, or arrangement of any kind or nature whatsoever which has the purpose or

5  effect, directly, or indirectly of requiring as a condition of eligibility for participation in, or

6  listing .

7

8      3.    For damages and that said sum be trebled;

9      4.    For reasonable attorney's fees according to proof;

10     5.    For costs incurred; and

11     6.    For any other and further relief as the Court may deem proper,

12

13                         **THIRD CAUSE OF ACTION**
                              Complaint for Damages
14            [Declaratory Relief - Plaintiff Against All Defendants]

15

16     28.   Plaintiff refers to and realleges and incorporates by this reference

17  paragraphs 1 through and including paragraph 27 as though fully set forth herein at length.

18     29.   An actual controversy has arisen and now exists between plaintiff and

19  defendants, and each of them, concerning the respective rights and duties of the parties, in that

20  plaintiff contends that defendants, and each of them, have engaged in the following conduct:

21

22     (1)   Anticompetitive, deceptive or otherwise unlawful/unfair business practices

23  within the meaning of California Bus. & Prof. Code §17200 et seq and actions under the Unfair

24  Practices Act (Bus. & Prof. §17000 et seq);

25

26

(2) Violation of statutory regulation of contracts not to compete (Bus. & Prof. §16600) and actions under the Cartwright Act (Bus. & Prof. §16700) based on restrains of trade;

(3) Price fixing;

(4) Interference with economic relations;

(5) Racketeer Influenced and Corrupt Organizations Act - [RICO].

Defendants dispute these contentions.

30. Plaintiff desires a judicial determination of its rights and duties and a declaration as to the respective rights and duties of each defendant.

31. A judicial declaration is necessary and appropriate at this time under the circumstances, in order that plaintiff may ascertain its rights and duties.

32. By reason of the premises, plaintiff is being deprived of its rights under the provisions of California Bus. & Prof. Code§16600, Cartwright Act (§16700); §17200 et seq and actions under the Unfair Practices Act (Bus. & Prof. §17000 et seq); restrains of trade (Bus. & Prof. Code §§ 17070, 17078-17082) and all other applicable rules and regulations in the establishing and maintaining as defined by California law, the extent of which and the amount of plaintiff's damages are not yet known but will be proved at the trial of this matter. Plaintiff will request leave of Court to amend this complaint to state the exact amount of those damages, including attorney's fees and costs, when they are ascertained.

WHEREFORE, plaintiff prays judgment as hereinafter alleged.

FOURTH CAUSE OF ACTION
Complaint for Damages and Injunction
(Intentional Interference With Economic Relationship
[Civ Code §§3294, 3333] and for Temporary [Code Civ.
Proc. §§ 525-527] and Permanent [Civ. Code §§ 3420-3422]
Injunctive Relief for Intentional Interference With Contract or
Other Economic Relationship

33.     Plaintiff refers to and realleges and incorporates by this reference paragraphs 1 through and including paragraph 32 as though fully set forth herein at length.

34.     On or about January 1, 2015 plaintiff COKER PUMP & EQUIPMENT CO. for a period of at least 30 years maintained a business relationship with third parties which contemplated the execution of contracts whereby plaintiff had a reasonable expectation of economic gain in the terms of profits or acquisition of benefits from its distribution and the sale of Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11 through 20 to plaintiff including but not limited to new product sales and aftermarket sales.

35.     Defendants knew of the above described contracts or economic relationship existing between plaintiff and third parties from its inception in that defendants, and each of them, would ship Product and Parts to plaintiff's third party business clientele.

36.     Defendants commencing January 1, 2015 under took a course of conduct to disrupt the described economic relationship by acts preventing plaintiff's distribution of VIKING Products and Parts marketed, promoted and sold by plaintiff to plaintiff's third party customers, all with the intent to harm plaintiff financially and to induce the said third parties to breach its' contract or sever its' business relationship with plaintiff.

37.     Defendants' representations to induce plaintiff's third party customers constituted an unfair trade practice in violation of Business and Professions Code §17200.

38.     Defendants acts were a proximate cause of actual damages suffered by plaintiff in that plaintiff's customers and other third party clientele are reluctant to do business with plaintiff resulting in anticipated breach of contracts that exist between plaintiff and third parties.

39.     The acts or defendants, and each of them, were willful and oppressive such that plaintiff is entitled to punitive damages.

40.     Defendants threaten to interfere or disrupt other contracts or business relationships between plaintiff and third parties whose accounts defendants are interfering with causing refusal to deal with plaintiff to plaintiff's great and irreparable injury, for which damages alone will not afford adequate relief, in that it would not completely compensate for the injury to plaintiff's business reputation and goodwill.

WHEREFORE plaintiff prays for judgment against defendants as follows:

1.     For damages;

2.     For exemplary and punitive damages;

3.     For an order requiring defendants, and each of them, to show cause, if any they have, why they should not be enjoined as set forth below, during the pendency of this action.

4.     For a temporary restraining order, a preliminary injunction and a permanent injunction, all enjoining defendants from making any false representations to or otherwise harassing others concern contract or business relief in an action for interference /

FIFTH CAUSE OF ACTION
Complaint for Damages and Injunction
(Negligent Interference With Economic Relationship
[Civ Code § 3333] for Negligent Interference With Contract or
Other Economic Relationship

41.    Plaintiff refers to and realleges and incorporates by this reference paragraphs 1 through and including paragraph 40 as though fully set forth herein at length.

42.    On or about January 1, 2015 plaintiff COKER PUMP & EQUIPMENT CO. for a period of at least 30 years maintained a business relationship with third parties which contemplated the execution of contracts whereby plaintiff had a reasonable expectation of economic gain in the terms of profits or acquisition of benefits from its distribution and the sale of Product and Parts marketed, promoted and sold by defendants VIKING, IDEX, Does 11 through 20 to plaintiff including but not limited to new product sales and aftermarket sales.

43.    Defendants knew of the above described contracts or economic relationship existing between plaintiff and third parties from its inception in that defendants would ship Product and Parts to plaintiff's third party business clientele.

44.    Defendants commencing January 1, 2015 under took a course of conduct to disrupt the above described economic relationship by acts preventing plaintiff's distribution of VIKING Products and Parts marketed, promoted and sold by plaintiff to plaintiff's third party customers, all with the intent to harm plaintiff financially and to induce the said third parties to breach their contract or sever their business relationship with plaintiff.

45.    Defendants' representations to induce plaintiff's third party customers

1  to deal with defendant, and each of them, constituted an unfair trade practice in violation of

2  Business and Professions Code §17200.

3       46.     Defendants acts are a proximate cause of actual damages suffered by

4  plaintiff in that plaintiff's customers and other third party clientele are reluctant to do business

5  with plaintiff resulting in anticipated breach of contracts that exist between plaintiff and third

6  parties.

7

8       47.     The acts of defendants, and each of them, were negligent such that

9  plaintiff is entitled to damages.

10      WHEREFORE plaintiff prays for judgment against defendants as follows:

11      1.    For damages;

12      2.    For exemplary and punitive damages;

13      3.    For an order requiring defendants, and each of them, to show cause, if

14  any they have, why they should not be enjoined as set forth below, during the pendency of this

15  action.

16

17      4.    For a temporary restraining order, a preliminary injunction and a

18  permanent injunction, all enjoining defendants from making any false representations to or

19  otherwise harassing others concern contract or business relief in an action for interference /

20

21      Law Offices of DANIEL L MITCHELL

22      By _____

23      Daniel L. Mitchell, Esq.
       Attorney for Coker Pump & Equipment Co.

24

25

26